## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| **Angela Brown, individually and on behalf of others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**ConsumrBuzz, LLC;**<br><br>Defendant. | **Case No.:** 9:23-cv-80832<br><br>**CLASS ACTION**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1.     Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant, in negligently and/or willfully contacting Plaintiff on Plaintiff's telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA") and related regulations thereby invading Plaintiff's privacy.  Plaintiff also brings claims under the National Do-Not-Call provision of 47 C.F.R. § 64.1200(c).

2.     Although Plaintiff has been registered on the National Do Not Call list for over fifteen years, Defendant made unauthorized telephone calls to Plaintiff's cellular telephone using an artificial and/or pre-recorded voice for

the purpose of soliciting business from Plaintiff.

3.    The TCPA was enacted to protect consumers from unsolicited and unwanted telephone calls exactly like those alleged in this case.

4.    In response to Defendant's unlawful conduct, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited artificial and prerecorded voice phone calls as well as an award of statutory damages to the members of the Class (defined below) per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

5.    Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6.    While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in its entirety.

7.    Unless otherwise stated, all the conduct engaged in by Defendant took place in the Southern District of Florida.

8.    Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9.     Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

<h2 align="center">JURISDICTION AND VENUE</h2>

10.    Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute, the TCPA.

11.    Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services, as well as attempts to collect from consumers within this district thereby establishing sufficient contacts to subject it to personal jurisdiction.

<h2 align="center">PARTIES</h2>

12.    Plaintiff is a natural person residing in the City of Atlanta, County of Fulton, State of Georgia.

13.    Upon information and belief, Defendant is a company headquartered in Lake Worth, Florida, conducting business in digital marketing.

# THE TCPA

14.   The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or artificial or prerecorded voice; (3) without the recipient's prior express consent.   47 U.S.C. § 227(b)(1)(A).

15.   In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system **or** prerecorded voice."   *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014)(emphasis added).

16.   The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.   The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.  Rules and Regulations Implementing the Telephone Consumer

Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

17.    In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express written consent" for such calls to wireless numbers.  *See* In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012).

18.    To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates."  In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

19.    The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12).

20.   In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication.  *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

21.   "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services."  *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

22.   The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA.  *See* In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003).  This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call or in the future. *Id*.

23.   In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA.  *See* In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶ 136 (2003).

24.     If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See* In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls.")

25.     As held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

## GENERAL ALLEGATIONS

26.     At all times relevant, Plaintiff was an individual residing within the State of Georgia.

27.     At all times relevant, Defendant conducted business in the State of Florida.

28.     Plaintiff has been on the National Do Not Call Registry since June 20, 2007.

29.     Pursuant to 47 U.S.C. § 227(c)(3)(F), Defendant is required to check the National Do Not Call Registry before attempting to call.

30.     Despite its obligations under the TCPA, Defendant began unlawfully soliciting Plaintiff using a pre-recorded or artificial voice.

31.      Specifically, on or around February 27, 2023, Plaintiff received a call from Defendant.

32.     Once Plaintiff answered the phone call a prerecorded message began playing, Plaintiff is informed and believes it was a prerecorded voice call because of the robotic nature of the voice calling.

33.      The message referenced Google listings and obtaining Google reviews.

34.     Plaintiff was then connected to a live representative regarding the same.

35.     Thereafter, Plaintiff asked Defendant's agent for its website address or to send her an email.

36.     Plaintiff advised Defendant agent that she would not be able to talk to them about their services unless they sent her an email or provide this information.

37.     After Plaintiff made the request, Defendant's agent would hang up.

38. On or around February 28, 2023, Defendant called Plaintiff again. Plaintiff heard the prerecorded message again.

39. When connected with a live representative, Plaintiff made the same requests for information from Defendant's agent. And once again, Defendant hung up.

40. Between February 28, 2023, to March 6, 2023, Plaintiff received over ten more solicitation calls from Defendant.

41. Each time, Plaintiff would hear the pre-recorded message regarding Google listings. Upon being connected to a live person, she would then request the same information and Defendant would hang up.

42. Finally, on March 31, 2023, Plaintiff heard the pre-recorded message. This time, however, Defendant's agent, Tyler Simon, agreed to email her.

43. Plaintiff told Mr. Simon that she would need an email with a company signature.

44. Mr. Simon didn't understand what she meant by signature but then sent this following:



**test message**

🏳 **Tyler Simon** (tyler@consumrbuzz.com)

To: you    Details ⌄

hi,
this is my personal email associated with our company

-Tyler

45.   Although the email did not contain Defendant's email signature, Mr.

Simon's email address with Defendant's domain name is listed therein.

46.   Thereafter, Plaintiff insisted on Mr. Simon's email signature.

47.   Mr. Simon's supervisor sent Plaintiff the following:



**Direct Link to Meeting Code**

🏳 **Selah Wood** (selah@consumrbuzz.com)

To: you    Details ⌄

https://meet.goto.com/tyler3

**Selah Wood**
Operations Manager
Consumr Buzz

✉ selah@consumrbuzz.com
☏ 561-486-2033
☎ 866-920-5372
🔗 consumrbuzz.com

The content of this email is confidential and intended for the recipient specified in message only. It is strictly forbidden to share any part of this message with any third party, without a written consent of the sender. If you received this message by mistake, please reply to this message and follow with its deletion, so that we can ensure such a mistake does not occur in the future.

48.   As such, Plaintiff was finally able to identify the company that attempted to unlawfully solicit her business by using the same pre-recorded message relating to google listings and digital marketing.

49.   Upon information and belief, Defendant made other phone calls to individuals residing within this judicial district and throughout the United States.

50.   At no point in time did Plaintiff provide Defendant with her express written consent to be contacted.  This is in violation of 47 U.S.C. § 227(a)(5).

51.   Defendant's unsolicited phone calls caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

52.   Defendant's phone calls also inconvenienced Plaintiff and caused disruption to her daily life.

53.   Defendant's unsolicited phone calls caused Plaintiff actual harm. Specifically, Plaintiff estimates that she spent numerous hours investigating the unwanted phone calls including how they obtained her number and who the Defendant was.

54.   Furthermore, Defendant's phone calls took up memory on Plaintiff's cellular phone. The cumulative effect of unsolicited phone calls and

voicemails like Defendant's poses a real risk of ultimately rendering the phone unusable for other purposes as a result of the phone's memory being taken up.

## CLASS ALLEGATIONS

### PROPOSED CLASS

55.   Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

56.   Plaintiff brings this case on behalf of the two Classes defined as follows:

<u>The Federal TCPA Class</u>

All persons within the United States who received any solicitation/telemarketing phone calls from Defendant to said person's cellular telephone made through the use of a prerecorded voice call and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

<u>The Federal DNC Class</u>

All persons within the United States registered on the National Do-Not- Call Registry for at least 30 days, who had not granted Defendants Prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month 18 period, within four years prior to the filing of the complaint.

57.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

58.     Upon information and belief, Defendant has placed prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

59.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

60.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the Class are:

(1) Whether Defendant made non-emergency calls to Plaintiff's and Class members' cellular telephones using a pre-recorded voice;

(2) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

(3) Whether Defendant's conduct was knowing and willful;

(4) Whether Defendant is liable for damages, and the amount of such damages;

(5) Whether Defendant should be enjoined from such conduct in the future; and

(6) Whether Plaintiff and the putative class members were on the do-not-call registry at least 30 days prior to being called by Defendant.

61.    The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely made phone calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

62.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

63. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

64. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

65. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin

Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(B)
### (ON BEHALF OF PLAINTIFF AND THE CLASS)

66.    Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

67.    It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or pre-recorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

68.    Defendant – or third parties directed by Defendant – used equipment having the capacity to dial numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class defined below.

69.    These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cell phones of

Plaintiff and the other members of the putative Class when its calls were made.

70. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using pre-recorded voice messages to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express written consent.

71. Defendant knew that it did not have prior express consent to make these calls and knew or should have known that it was using prerecorded voice calls. The violations were therefore willful or knowing.

72. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id.*

## COUNT II
### KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227(B)
#### (ON BEHALF OF PLAINTIFF AND THE CLASS)

73. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

74. At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

75. Defendant knew that it did not have prior express consent to make these calls and knew or should have known that its conduct was a violation of the TCPA.

76. Because Defendant knew or should have known that Plaintiff and Class Members had not given prior express consent and specifically revoked consent to receive pre-recorded voice calls, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

77. As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**COUNT III**
**Negligent Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the DNC Class)**

78. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

79. The foregoing acts and omissions of Defendants constitutes numerous and multiple negligent violations of the TCPA, including but not limited to

each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular *47 U.S.C. § 227 (c)(5)*.

80.    As a result of Defendants' negligent violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class Members are entitled to an award of $500.00 for each and every negligent violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

81.    Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT IV
### Knowing/Willful Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the DNC Class)

82.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in the paragraphs above.

83.    The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, in particular *47 U.S.C. § 227 (c)(5)*.

84.    As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class members are entitled an award

of $1,500.00 in statutory damages, for each and every willful violation, pursuant to *47 U.S.C. § 227(c)(5)*.

85.    Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the other members of the Class, prays for the following relief:

a.   A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b.   An injunction prohibiting Defendant from using a telephone dialing system to call and text message telephone numbers assigned to cellular telephones without the prior express permission of the called party;

c.   An award of actual and statutory damages;

d.   An order naming Plaintiff as the class representative;

e.   An order naming Plaintiff's counsel as class counsel; and

d.   Such further and other relief the Court deems reasonable and just.

//

//

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 26, 2023                          Respectfully submitted,

BY: /s/ Ryan L. McBride
RYAN L. MCBRIDE, ESQ.
TRIAL COUNSEL FOR PLAINTIFF

Mohammad Kazerouni (1034549)
**Kazerouni Law Grouo, APC**
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
mike@kazlg.com

Ryan L. McBride (1010101)
**Kazerouni Law Group, APC**
301 E. Bethany Home Road
Suite C-195
Phoenix, AZ 85012
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
ryan@kazlg.com